GLOBE INDEM CO v WASSMAN

SAME v FINNELL

SAME v BROWN-GRAVES CO

Ohio Supreme Court

Nos. 21215, 21216 & 21217. Decided Mar. 6, 1929

Syllabus by JONES, J.

**ESTOPPEL**

(265) In order to avail himself of proof of a waiver or estoppel a party, having opportunity therefor, must allege in his pleading facts invoking that equitable relief.

**PLEADINGS**

(440 S2) Claimants for labor and material who plead performance by complying with **Section 2365-3, General Code,** and who allege also that such compliance was waived by the conduct and representations of the surety, do not plead inconsistent causes of action but plead rather two distinct grounds, either one of which if proven, would sustain a recovery.

**ACTIONS**

(10 Cd) Where a plaintiff is uncertain as to which of the two grounds stated in his petition he may be able to prove in order to recover against a defendant and it is uncertain as to which of the two he can safely plead, he cannot be required to elect upon which of the two grounds he will stand.

**REAL ESTATE**

(510 Md) **Section 2365-3, General Code,** in effect May 8, 1925, provided that a person performing labor or furnishing material in the construction of a building shall, within ninety days after the acceptance of the building, furnish the surety with a statement of the amount due. Where the building is a school building erected by a board of education, the forwarding of a statement by a claimant to the clerk of the board is not a compliance with that section, even though the surety has knowledge of its contents. Such statement should be furnished to the surety by the claimant or by his attorney or agent duly authorized to present it to the surety after acceptance of the building.

**GUARANTY**

(280 Sa) Where the authorized agent of a surety company represents to claimants, who are required to furnish the surety with a statement under **Section 2365-8, General Code,** that their claims are correct and will be paid and that the claimants need do nothing further in respect to their claims, and, relying upon such representations, the claimants fail to comply with such statutory requirement and by reason of such assurance are induced to inaction thereby altering their position to their prejudice, the surety is estopped from thereafter asserting its right to a compliance with the statute on the part of the claimants.

**TRIAL**

(590 V2) Where a jury returns a general verdict for plaintiff in a case where the issues of performance and estoppel are both pleaded as grounds for recovery and there is failure of proof as to performance, a defendant, under **Section 11463, General Code,** has a right to request the court to submit to the jury special findings which may elicit the fact that its verdict was based solely on the issue of performance; but a special finding that its verdict was based on that issue is not inconsistent with the general verdict, as it evidences the fact that the verdict was also based on the other issue. In order to control the general verdict the findings should have been so framed as to elicit the fact that the verdict was based on performance alone.

Marshall, CJ, Kinkade, Robinson, Matthias, Day and Allen, JJ, concur.